IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

MAE F. WORMELY,                    )
                                   )
                  Plaintiff,       )
                                   )
     v.                            )    No.  08 C 5903
                                   )
CITY OF CHICAGO,                   )
                                   )
                  Defendant.       )

                       MEMORANDUM ORDER

     On October 17, 2008 this Court issued a very brief

memorandum order ("Order") that called the attention of counsel

for plaintiff Mae Wormely ("Wormely") to an important deficiency

in her Title VII employment discrimination Complaint against her

ex-employer City of Chicago ("City"):  the omission of an EEOC

right-to-sue letter regarding Wormely's charge of race-based

discrimination and a related retaliation claim.  But instead of

tendering a brief and simple amendment to the Complaint covering

that omission, Wormely's counsel took the needless (and really

meaningless) step of refiling the <u>identical</u> Complaint (changed

only by heading it with the caption "FIRST AMENDED COMPLAINT" in

place of "COMPLAINT"), to which refiling counsel did attach the

requested copy of an EEOC July 15, 2008 right-to-sue letter.[1]

---

[1] Although that submission was timely, having been
electronically filed on October 24, counsel violated this
District Court's LR 5.2(e) by failing to deliver a paper copy to
this Court's chambers--a requirement that is essential in these
days of electronic filings, because the assigned judge is
otherwise unaware that such a filing has taken place.  This
Court's website has not only emphasized the need for such

This memorandum order is issued because of some further information that, in light of the new filing, needs to be provided to address the timeliness of the steps taken by Wormely or on her behalf. With EEOC's letter having been issued on July 15 and suit having been filed on October 15, 2008 (the 92nd day after such issuance), Wormely must promptly provide a written representation as to her date of <u>receipt</u> of the right-to-sue letter. And at the same time that is done, photocopies of her charge or charges of discrimination should also be proffered to facilitate this Court's ascertainment of the different aspects of timeliness. Accordingly Wormely's counsel is ordered to submit those materials by way of a brief <u>amendment</u> to the First Amended Complaint (<u>not</u> a self-contained Second Amended Complaint) on or before November 17, 2008.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 3, 2008

---

compliance but has forewarned counsel that a fine might be imposed if noncompliance has made it necessary for this Court's staff to print out a chambers copy instead. In this instance the minute clerk has had to do so, and Wormely's counsel is ordered to pay a modest fine of $50 to the Clerk of Court as a matter of principle.