```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

Mae F. Wormely,                )
                               )
            Plaintiff,         )
                               )
       v.                      )    No. 08 C 5903
                               )
City of Chicago,               )
                               )
            Defendant.         )

## MEMORANDUM OPINION & ORDER

Mae Wormely ("Wormely"), who is suing her ex-employer City of Chicago ("Chicago") based on her assertedly having been the victim of race-based employment discrimination, had instituted only a single administrative Charge of Discrimination before bringing suit -- a November 29, 2004 filing that charged such discrimination by a co-worker (Wormely describes herself as "black" and offender Noe Garza ("Garza") as "non-black") and by an acting supervisor who, like Garza, has a Hispanic name. But Wormely's First Amended Complaint ("FAC"), which was timely filed after her receipt of an EEOC right-to-sue letter dated July 15, 2008, seeks to bootstrap that single charge into a four-count pleading, with Count I stemming from the acts referred to in the Charge of Discrimination, Count II asserting that City's July 10, 2006 firing of Wormely was a race-based discriminatory discharge, Count III alleging that she was retaliated against (culminating in her firing) because of her complaints about discrimination and Count IV asserting a retaliatory discharge in violation of

Illinois common law.

Now City has filed a motion to cut back the FAC to the scope of the original Charge of Discrimination by dismissing all but Count I. That motion has been fully briefed, and the parties' submissions reveal City's position to be sound as a matter of law.

Because Wormely's counsel has properly acknowledged that City cannot be mulcted in punitive damages, that portion of Wormely's prayer for relief is stricken without objection. To skip to Count IV, Wormely's counsel does not even address the issue of untimeliness that City raises and that is fatal to that state law claim. Illinois has a one year statute of limitations (745 ILCS 10/8-101) that Illinois caselaw uniformly treats as applicable to retaliatory discharge claims against local governmental entities -- see Halleck v. County of Cook, 64 Ill.App.3d 887, 891, 637 N.E.2d 1110, 1113 (lst Dist. 1994) and cases cited there. Accordingly Count IV is stricken as well.

That then leaves Counts II and III for consideration. As to those Counts, Wormely's problems stem in large part from the fact that her firing did not take place until July 2006 -- fully 20 months after she had filed her single Charge of Discrimination back in 2004. Although she alleges that the firing took place immediately after another contretemps with Garza, the long intervening time gap plus the different predicates that are

advanced for the two new Counts foreclose her attempted reliance on such cases as Malhotra v. Cotter & Co., 885 F.2d 1305, 1312 (7th Cir. 1989) and McKenzie v. Ill. Dep't of Transp., 92 F.3d 473, 482 (7th Cir. 1996). Indeed, her counsel's brief quotation from McKenzie omits that opinion's favorable reference to caselaw elsewhere that makes it plain that it is only unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge" (id.)-- a standard that Wormely plainly does not meet.

On that score, City has it right in urging that instead Wormely's situation fits squarely into the standard set out in such cases as Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) and Conner v. Ill. Dep't of Natural Res., 413 F.3d 675, 680 (7th Cir. 2005). Here the FAC plainly "encompass[es] allegations outside the ambit of the predicate EEOC charge" (Cheek, 31 F.3d at 500). Hence Counts II and III are also dismissed.

That leaves only Count I surviving. With City having answered that Count, the previously-scheduled status date of February 27, 2009 will address the further proceedings and timing

3

that may be needed to bring that claim into a posture for ultimate disposition (presumably by a trial).

                                                                                           _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date:     February 25, 2009